## Herron *v.* Herron, Appellant.

*Partnership—Account stated—Statute of limitations.*

Where a partner dies and thereupon the partnership books are balanced showing a balance due from the deceased partner, the statute of limitations begins to run against such indebtedness from the date when the books were balanced; and the surviving partner after the expiration of six years from such date cannot set up such indebtedness as a set-off in a suit brought against him for an accounting of other partnership assets which he had recovered after the date when the books were balanced; nor in such a case can the surviving partner claim subrogation because he had used some of his own funds to pay partnership debts after the balancing of the books, if it appears that more than six years had elapsed from the date of such payment to the date of the institution of the suit.

If the assets for which such suit was brought were collected by the surviving partner within six years from the date of the beginning of the suit, he must account for a proper share of them to the representative of the deceased partner.

Argued April 14, 1916. Appeal, No. 55, April T., 1916, by defendant, from decree of C. P. Allegheny Co., July T., 1913, No. 1047, on bill in equity in case of James Herron, Administrator d. b. n. c. t. a. of the Estate of James Herron, deceased, v. M. F. Herron. Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an accounting.

DAVIS, J., filed the following opinion:

From the pleadings and testimony in this case we find the following facts:

First. That Moses F. Herron, the defendant, and James Herron were for a number of years engaged in the grain and feed business at No. 1019 Liberty street, City of Pittsburgh, under the partnership name and style of M. F. Herron & Company, with equal interest therein as partners.

Second. That James Herron died on the 31st day of March, 1895, testate.

Third. That at the time of the death of James Herron, M. F. Herron had been declared a lunatic, and William Henry had been appointed committee of his estate.

Fourth. That on the dissolution of the copartnership by the death of James Herron, William Henry, the committee of Moses F. Herron, took charge of the partnership affairs for the purpose of winding up the business.

Fifth. That the committee filed his account at No. 4 November Term, 1893, showing a balance of partnership assets in his hands of $1,895.82. That a decree had been entered showing that the said Moses F. Herron had been restored to sound mind, and the said balance was then paid over to him as surviving partner.

Sixth. That the evidence of the defendant further shows that nothing further was done by him in winding up the partnership business, except to pay an award against the partnership, which award is hereinafter recited.

Seventh. That among the assets of the partnership of M. F. Herron & Company were two claims, which were not collected by the committee, viz:

(a) Judgment of M. F. Herron & Company v. John K. Herron, entered October 21, 1890, in the Court of Common Pleas of Dark County, Ohio, and on which judgment defendant, as surviving partner, brought suit at No. 273, November Term, 1910, in the Court of Common

Pleas of this county, and obtained judgment therein, and finally, by decree of distribution in the estate of John K. Herron, deceased, at No. 33, January Term, 1913, in the Orphans' Court of this county, the defendant received the sum of $1,184.28.

(b) A chose in action at No. 597, June Term, 1892, in the Court of Common Pleas in this county in a suit entitled M. F. Herron and James H. Herron, partners as M. F. Herron & Company, v. William Henry and John McCance, partners as Henry & McCance, and which was finally prosecuted by the defendant, as surviving partner, and judgment obtained by him in said action March 25, 1913, for the sum of $1,985.91, and on the satisfaction of the same there came into the hands of the defendant the sum of $2,075.00, less the sum of $250.00, paid by him as attorney fees.

Eighth. That certain books of the copartnership, viz: Two ledgers, marked Exhibits "A" and "B," apparently show, on inspection of accounts, an indebtedness to the partnership, or to M. F. Herron at the time of its dissolution of $8,099.59 by James Herron, deceased.

Ninth. That the record shows at No. 243, September Term, 1895, in the suit of Maggie B. Herron v. William Henry, committee of the estate of Moses F. Herron, a lunatic, surviving partner of M. F. Herron & Company, an award of arbitrators in the sum of $8,150.00. The record also shows the following entry: "July 3, 1897, this suit settled and discontinued, and claim satisfied in full," by the attorneys for plaintiff, which award was paid by defendant.

Tenth. That letters of administration were duly issued on the estate of said James Herron, deceased, May 3, 1913, to James Herron, the plaintiff in this case, and that upon receiving information of process of collection of the two claims hereinbefore recited by the defendant, the plaintiff filed this bill to obtain an accounting and the payment of one-half of the proceeds thereof, to the estate of James Herron, deceased.

## CONCLUSIONS OF LAW.

First. That all accounts between the partners, as shown upon the books of the copartnership of M. F. Herron & Company on its dissolution by the death of James Herron in 1895, are accounts stated and cannot be considered in this proceeding, and are barred by the statute of limitations.

Second. That the payment of the award of $8,150.00 by the defendant, and the settlement and discontinuance of the suit in which the award was made at No. 293, September Term, 1895, on July 3, 1897, is also an account not open or current between the partners, and cannot be considered in this proceeding, and is also barred by the statute of limitations.

Third. The judgment of M. F. Herron & Company v. John K. Herron, and the pending suit of M. F. Herron & Company v. Henry & McCance, were open and current accounts due to the copartnership, and, until final settlement of the business of the copartnership, if same remained open and unpaid and were collected by the surviving partner, would have to be accounted for by him at any time after collection and before the statute became a bar to any action by the estate of James Herron, the deceased partner.

We are, therefore, of the opinion that the plaintiff in the bill, as the legal representative of the estate of James Herron, deceased, one of the co-partners of M. F. Herron & Company, is entitled to have a decree entered in his favor directing that the said defendant shall account to him for the one-half of the two claims of the copartnership, to wit: Claim collected from the estate of John K. Herron, deceased, and the claim collected from the firm of Henry & McCance.

The court entered a decree in accordance with the opinion.

*Error assigned* was the decree of the court.

*Morton Hunter*, for appellant.—The payment by the surviving partner of a partnership debt out of his own money is a matter growing out of the partnership rela- tion, and to be settled in the account ordered to be taken.

The conclusion of the court below that the accounts on the partnership books are accounts stated is erroneous.

The extent to which accounts on the partnership books have been held accounts stated is only as to accounts settled and closed on the books, such as accounts for the division of profits, and accounts of like character: Gar- retson v. Brown, 185 Pa. 455.

The defendant, being a liquidating partner, and un- dertaking to account and settle the whole partnership business, no plea of the bar of the statute of limitations could be effectively interposed: Zacharias v. Zacharias, 23 Pa. 452.

*James H. Gray*, for appellee.—After the lapse of six years it lies on the party settling up an account between partners to aver that it remains open and current. To be actionable, the account must be one not closed by striking a balance between the partners, or by delivery of a stated account unobjected to, but one that is still open and running between the partners, is the clear re- sult of the authorities: McKelvy's App., 72 Pa. 409; Brown v. Agnew, 6 W. & S. 235.

OPINION BY WILLIAMS, J., October 9; 1916:

The administrator of a deceased member of a firm brought suit against the survivor for an accounting. It appears that James Herron and M. F. Herron were co- partners, trading as M. F. Herron & Co.; that the part- nership was dissolved in 1895 by the death of James Her- ron; that M. F. Herron, after his release from an insane asylum in 1895, received from his committee $1,895.82 as the assets of the firm; that James Herron was, when he died, indebted to the firm in the sum of $8,099.59. In July, 1897, M. F. Herron was compelled to pay a part-

nership debt of $8,150.  This he did by using the $1,-895.82 received from his committee and making up the balance from his own resources.  Nothing else appears in the case until 1912 and 1913 when M. F. Herron succeeded in collecting (two judgments) from debtors of the firm, less expense of collection, the sum of $2,839.28.  The plaintiff asked for a decree to obtain his share of these collections.  The defendant replied that there was nothing due, because of the balance due him for payment of partnership debts and the balance due the firm by the decedent.  The court below held that the statute of limitations applied to all of the transactions except the collections made by M. F. Herron of partnership assets in 1913 and decreed an accounting of one-half thereof to the plaintiff.

The forty-nine assignments of error raise but two questions, (a) Was the court in error in holding that the items claimed as credits by the defendant were barred by the statute of limitations, and (b) that it did not apply to the two judgments collected by the defendant?

There are two classes of claims:  (1) A balance due on the partnership books which was struck in 1895, and (2) contribution for a debt of the partnership paid by the defendant in 1897.  Either of these, if allowed, would eliminate any claim of the plaintiff to any part of the fund raised by the collection of the two judgments.

The first claim is for what is known as an account stated.  In Leinbach v. Wolle, 211 Pa. 629, such an account is defined to be "an account in writing, examined and accepted by both parties.  And this acceptance need not be express, but may be implied from the circumstances."  The long acquiescence in the account on the books as of 1895 would raise the presumption of acceptance which would be conclusive.  The cases where accounts rendered have not become accounts stated were where there has been no real or presumed acceptance of their correctness: Lowenstein v. Bache, 41 Pa. Superior Ct. 552, 556, and Tully v. Felton, 177 Pa. 344, 357.  The

statute of limitations does not run against an open account between partners: McKelvy's App., 72 Pa. 409; Garretson v. Brown, 185 Pa. 447; Tully v. Felton, supra; Hurst v. Brennen, 239 Pa. 216. But it does run against a closed account, such as an account stated; especially in the case of the dissolution of a partnership as against a partner who is not a liquidating partner: McKelvy's App., supra; Guldin v. Lorah, 141 Pa. 109; Hamilton v. Hamilton, 18 Pa. 20; Everhart's App., 106 Pa. 349. The right to recover a balance due, such as appears in the present case, is lost if not asserted in six years after the right to demand it accrues, if the statute of limitations is pleaded. There is no subrogation which arises out of the payment of partnership debts, for each partner is equally liable for such payment: Baily v. Brownfield, 20 Pa. 41; Hoge's Est., 188 Pa. 527. The payment, therefore, would not, by any principle of subrogation, vest title in, nor produce an equitable assignment of, an equal amount of partnership assets to the partner who paid the debts of the partnership out of his own funds. If the surviving partner neglected to seek contribution from the estate of the decedent within six years, he alone is at fault. The right to such action is a matter which is not necessarily involved with any of the partnership transactions, and in McKelvy's Appeal, supra, it is pointed out that an action to recover contribution should be brought within six years.

Defendant having collected the two judgments within six years, the plaintiff had the right to recover his share. The collection of the judgments was in the nature of an insulated or cut off transaction such as occurred in Brown v. Agnew, 6 W. & S. 235, where the right to an accounting was allowed to be enforced despite the fact that the statute of limitation had run since the dissolution of the partnership.

The assignments of error are overruled and the decree affirmed.