## Homer City National Bank v. Mahan.

*Judgments—Rule to strike off—Warrant of attorney—Insanity of defendant—Entry of judgment against lunatic.*

The fact that the maker of a note containing a warrant of attorney to confess judgment, who was sane when the note was made, became insane before judgment was entered thereon, is not sufficient cause to strike off the judgment as being illegal and void.

Rule to strike off judgment.  C. P. Indiana Co., June T., 1919, No. 326.

*D. B. Taylor*, for rule; *S. M. Jack*, contra.

LANGHAM, P. J., July 31, 1922.—This case came on to be heard by argument of counsel. The admitted facts in the case are that William H. Mahan, the

defendant, on Dec. 30, 1918, executed a note with power of attorney to confess judgment, and at the time he executed said power of attorney he was *sane;* and the further fact is admitted that on May 14, 1919, the date upon which judgment, as above stated, was entered on said note, the said William H. Mahan was *insane.* The petitioner and a distributee of the lunatic's estate asks the court to strike from the record the above stated judgment, whereupon a rule to show cause was directed to be issued against the plaintiff.

The sole question to be determined by this rule is whether the judgment should be stricken from the record by reason of the insanity of the maker of the note and the defendant here at the time of the exercise of the power of attorney to confess the judgment; that is, on account of defendant's insanity *at the time of entry of the judgment.*

The petitioner, who is interested in the distribution of the fund arising from the sale of defendant's real estate, contends that the power of attorney contained in the judgment note upon which judgment was entered was revoked by reason of defendant's insanity at the date of entry. The plaintiff in this case contends that the power of attorney having been executed while the defendant was of sound mind could not be revoked subsequently by reason of his becoming insane.

It is argued by petitioner that admittedly the power of attorney contained in the note would be revoked by death, and that the power of attorney given by one who *dies* is not different from the power of attorney given by one who *becomes insane,* legally or civilly dead.

We think there is a wide difference in a case of this kind between a person who *actually dies* and a person who becomes *insane.* It is a continuing condition that we are confronted with in the case of a decedent, and in the case of an insane person it may or may not be a continuing condition. A power of attorney contained in a note to confess judgment, *without more,* is irrevocable by the maker during his lifetime. When death comes, that eliminates one of the parties absolutely and forever, but not so in the case of insanity. A person may be insane to-day (legally dead, if you please) and six months hence perfectly sane. What about the power of attorney that he executed while he was sane? Was it revoked during the period of his insanity, "his legal death," and revived with his convalescence—legal resurrection, as it were? If we hold that insanity which develops after the execution of a power of attorney contained in a note revokes said power of attorney, then we are saying to the business world that all notes must be entered immediately upon execution thereof, or your security may be impaired by reason of the maker becoming insane, and when you do enter your note you should examine the record as to whether lunacy proceedings were ever instituted against your debtor and what the status of said proceedings are. We think the law fixes no such condition upon the holder of a note containing a power of attorney to confess judgment, and should not fix such a condition, especially in consideration of the further fact that the maker could not, after execution and delivery, revoke or in any way change such a power of attorney in his lifetime without consent of the holder. If the power of attorney contained in a note could have been revoked by the maker had he remained sane, then we think the position of the petitioner here would be tenable, but supervening insanity, whether temporary or permanent, surely cannot do in a case of this kind what the debtor himself could not have done had he remained sane. If insanity can revoke a power of attorney contained in a note to confess judgment, who can say that an unscrupulous debtor might not feign insanity in order to impair the security of innocent creditors? It is no prejudice or undue advantage to a

3 D. & C.

debtor or to his estate to enter a judgment after insanity upon a power of attorney executed while sane, since the said debtor had notice of it and his estate *was* prejudiced to that extent upon the making of said note, and if he would become sane or had remained sane, he could not have changed conditions in any particular. To our mind, it cannot be said that the same conditions obtain in case of death. In such a case, the party who executed the power of attorney passes out of being forever, leaving only one party to the judgment, and the estate changes absolutely to other hands, which demise and consequent change may affect creditors quite differently than if mere insanity ensued.

The cases cited by counsel for the rule are not convincing to us that the power of attorney to confess judgment, under the admitted facts of the case at bar, is revoked. To my mind, the authority found in Spencer *v.* Reynolds, 9 Pa. C. C. Reps. 249, cited by counsel for respondent, is sound and in point. In the recent case of Burris *v.* Kain, 1 D. & C. 693, Judge Wickersham, it would seem, recognized the *validity* or legality of a judgment entered against an insane defendant when he made the rule absolute opening the judgment in order to allow the committee of the lunatic to "show forth whatever defence there is to the claim of the plaintiff." In the case at bar we can see how a rule to open, under a different state of facts, might obtain, but on a rule to strike off the judgment as illegal and void under the facts alleged and admitted, we are of the opinion that the rule should be discharged.

### Order and decree of court.

And now, July 31, 1922, this case came on to be heard by argument of counsel, and, upon due consideration thereof, it is ordered, adjudged and decreed that the rule granted in this case be discharged. Rule discharged and motion to strike off the judgment at No. 326, June Term, 1919, overruled, to which order and ruling an exception is allowed petitioner.

From James L. Jack, Indiana, Pa.