## Charles P. Kummerle, Appellant, *v.* Mrs. J. H. Cain.

*Judgments—Confession of judgment—Death of promisor—Irregularity—Vacation.*

A judgment entered by a confession on the authority accompanying a simple promise to pay money, after the death of the promisor and without an action brought in the lifetime of such party, is irregular and will be vacated, on application of the legal representatives or heirs of the decedent.

Argued October 16, 1923.   Appeal, No. 227, Oct. T., 1923, by plaintiff, from decree of C. P. No. 4, Phila. Co., Dec. T., 1923, No. 5631, striking off judgment in the case of Charles P. Kummerle v. Mrs. J. H. Cain.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Rule to strike off judgment.   Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*Walter Thomas,* for appellant.

528, (1924).]          Opinion of the Court.

*S. Lloyd Moore,* and with him *Allen M. Stearne,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

The instrument on which the judgment was entered in this case was in legal effect a power to the Prothonotary to confess judgment, with the same effect as if it had been done by a warrant of attorney: Ely v. Karmany, 23 Pa. 314. The maker of the paper died some months before the judgment was entered. No action had been instituted in her lifetime to enforce the obligation. The instrument therefore lacked the attendant conditions necessary to create a cognovit actionem. The authorities in this State are to the effect that a judgment entered by confession on the authority accompanying a simple promise to pay money, after the death of the promisor and without an action brought in the lifetime of such party is irregular and will be vacated on the application of the legal representatives or heirs of the decedent: Lanning v. Pawson, 38 Pa. 480; Kountz v. National Transit Co., 197 Pa. 398; Stevenson v. Virtue, 13 Pa. Superior Ct. 103; Sleeper v. Hickey, 26 Pa. Superior Ct. 62; Lowber's App., 8 W. & S. 387. It is unnecessary to review the many cases cited by the appellant distinguishing void from voidable judgments. They all point to the proposition that a judgment entered after the death of the maker on an instrument similar to that exhibited in this case will be stricken off on application of the persons representing the estate. The cases where after jurisdiction attached judgment was entered under a statute or rule of court or the prevailing practice, relation being had to the beginning of the term, are not in point and throw no light on the question here raised; nor are the authorities holding that a judgment regular on its face may not be impeached collaterally available to sustain the position of the appellant. They rest on an obviously different principle. The action of the court below was in harmony with the law as stated. We find no

evidence in the case which supports the theory that the judgment can be enforced by the application of the doctrine of estoppel. The case was well considered by Judge AUDENRIED and we need not extend the discussion.

The decree is affirmed at the cost of the appellant.