Schantz, Admr., *v.* Clemmer, Excrx. (et al. Appellants).

Argued November 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Nathaniel Shapiro,* for appellants.

*Linn H. Schantz* submitted a brief in propria persona.

OPINION BY MR. JUSTICE HORACE STERN, January 6, 1947:

The recital of the facts constituting the long and tortuous history of this controversy, as well as the discussion of the many legal questions presented by appellants' counsel, may be greatly shortened in view of the fact that his clients are confronted by an obviously insurmountable obstacle to the success of their cause.

Two sisters, Anna E. Cassel and Emma H. Clemmer, in 1920 entered upon a partnership venture consisting of the purchase of a tract of some 62 acres in Allentown, its division into building lots, and the sale of these to individual purchasers. Title to the land, designated by

the partners, as "Bachman Terrace", was taken in the name of Emma H. Clemmer, and she, together with her husband Harvey F. Clemmer, entered into a written agreement with Anna E. Cassel, dated April 24, 1920, in which it was recited that the purchase money had been paid equally by the two sisters, and Emma H. Clemmer declared that she held the title in trust for herself and Anna E. Cassel in equal proportions. A similar agreement and declaration of trust was entered into under date of July 7, 1920 in connection with the purchase of 4 additional acres. In the course of a subsequent partnership transaction the Clemmers, for money borrowed, gave their judgment note in the sum of $8983.16 upon which the payees entered a judgment that became thereby a lien on the Bachman Terrace property. Horace W. Schantz later became the assignee of this judgment and he also obtained from Anna E. Cassel her own note in the same amount, dated February 27, 1930, payable on demand, as collateral security for its payment.

Anna E. Cassel died October 23, 1931; the executors of her estate were Emma H. Clemmer, Harvey F. Clemmer and their son, Russell H. Clemmer. Harvey F. Clemmer died May 16, 1932. Horace W. Schantz died January 28, 1937; the administrator of his estate is his son, Linn H. Schantz. Russell H. Clemmer died December 24, 1938. Emma H. Clemmer died December 1, 1939. In June, 1938 the Orphans' Court of Lehigh County audited a partial account which had been filed by Russell H. Clemmer as surviving executor of the estate of Anna E. Cassel, and in which it was stated that on July 16, 1934 the estate had paid Horace W. Schantz the sum of $8983.16, and interest thereon amounting to $992.64, in liquidation of Anna E. Cassel's note,—a payment which, of course, automatically satisfied the judgment against the Clemmers for which the Anna E. Cassel note had been given as collateral. Instead, however, of marking the judgment satisfied, Linn H. Schantz,

administrator of the Horace W. Schantz estate, issued execution thereon (it having been revived by sci. fa. proceedings) and at a sheriff's sale on April 2, 1937 he bought in more than 200 lots then remaining unsold of the Bachman Terrace project and took title by sheriff's deed in his own name as "trustee".

The present petitioners are legatees under the will of Anna E. Cassel, whose estate apparently was not sufficient to satisfy their bequests. In the Orphans' Court proceedings they attempted to have a constructive trust imposed upon Linn H. Schantz on the theory that, when he caused the Bachman Terrace properties to be sold on the judgment which in fact had been satisfied by the payment received from Anna E. Cassel, he became a trustee for her of the properties which he purchased at the sheriff's sale. The Orphans' Court properly held, however, that it was without jurisdiction to adjudge him a trustee either for the Bachman Terrace partnership or for the Cassel estate, and it also refused to surcharge Russel H. Clemmer, surviving executor of the estate, for failure to obtain a partnership accounting from the estate of Emma H. Clemmer, because, so far from there being any balance due from the partnership to Anna E. Cassel, it seemed likely that the reverse was true. Thus defeated, the petitioners, on May 16, 1944 brought the present proceedings in the Court of Common Pleas of Lehigh County to open the judgment against the Clemmers, to set aside the sheriff's sale, and to compel Linn H. Schantz to account for the proceeds of such of the lots as may have been subsequently sold by him. The court granted a rule to show cause, which, however, it subsequently discharged, and from that latter action the petitioners now appeal.

As stated at the beginning of this opinion there is one basic weakness in petitioners' case. It seems that on February 1, 1929 Emma H. Clemmer, her husband Harvey F. Clemmer, and Anna E. Cassel, entered into a written agreement in reference to certain lots and

apartment buildings which had been acquired by the Clemmers through transactions in connection with the Bachman Terrace partnership; the Clemmers declared that they held title to these properties for themselves and Anna E. Cassel in equal proportions in the same manner as in the agreement and declaration of trust of April 24, 1920. That agreement contained a provision that upon the death of Anna E. Cassel before the termination of the trust the Clemmers were to be allowed to divide between themselves the entire one-half interest of Anna E. Cassel in the Bachman Terrace project. In a subsequent agreement of March 20, 1929 concerning certain lots and an apartment house known as "Julian Court", as to which there was a similar declaration of trust, it was provided that upon the death of Anna E. Cassel before the termination of the trust the Clemmers were to retain title to this real estate free and clear of any trust. Finally, by her will dated October 20, 1931 (three days before her death) Anna E. Cassel bequeathed and devised to the Clemmers all her estate, real, personal and mixed, of which she was a beneficiary in the declarations of trust; she also, after making some specific bequests and devises, gave her entire residuary estate to her sister Emma H. Clemmer absolutely. It would thus seem clear that if the agreements of February 1, 1929 and March 20, 1929 did not themselves divest her of all her right, title and interest in the Bachman Terrace partnership and properties (as they apparently did) her will effectually accomplished that result. It further appears that, by deeds dated October 6, 1932 and May 1, 1934, Emma H. Clemmer, who in addition to her own interest and the interest thus received from her sister had also acquired the interest of her deceased husband Harvey F. Clemmer, conveyed the properties to her son Russell H. Clemmer, so that the latter became the sole owner thereof and was such owner in April, 1937 when the sheriff's sale took place. It was, indeed, by agreement between Russell H. Clemmer and Linn H.

Schantz that the latter caused the sale to be made and bought in the property; Schantz had made a loan to Russell H. Clemmer and agreed to return the properties to him upon repayment; it was for that reason that he took title as "trustee". Therefore, even though the judgment on which execution was levied had in fact been paid, these petitioners, claiming under the estate of Anna E. Cassel, suffered no injury thereby and have no standing to complain since they had no right, title or interest whatever in the Bachman Terrace properties.

There are other reasons that might be added why petitioners cannot succeed in these proceedings. In the first place, since a sheriff's deed has been executed and delivered, their proper method of redress would, in any event, have been by an action of ejectment or, perhaps, by a bill in equity, and not by a rule to set aside the sale and cancel the deed: *Evans v. Maury*, 112 Pa. 300, 3 A. 850; *Knox v. Noggle*, 328 Pa. 302, 304, 196 A. 18, 19. Then again, as to their claim that, since the Anna E. Cassel estate had paid the judgment against the Clemmers, Linn H. Schantz should be declared a trustee for her estate of the judgment and the properties bought at the sale, it is sufficient to point out that a partner paying a partnership debt is not entitled thereby to subrogation as against his co-partner; there must first be an accounting between them in order to ascertain if either is indebted to the other: *Baily v. Brownfield*, 20 Pa. 41; *In re Voluntary Assignment of Abner Hoge*, 188 Pa. 527, 41 A. 621; *Herron v. Herron*, 64 Pa. Superior Ct. 569, 575. Finally, it is obvious that petitioners have been guilty of gross laches. Their petition was filed more than seven years after the sheriff's sale of which they complain. All the parties involved in the Bachman Terrace transactions—Anna E. Cassel, Emma H. Clemmer, Harvey F. Clemmer, Russell H. Clemmer, Horace W. Schantz—have long since passed away. As the court properly held, this laches was in itself sufficient to defeat petitioners' claim.

The order of the court below is affirmed.