Mid-City Federal Savings and Loan Association
of Philadelphia *v.* Allen, Appellant.

Argued November 18, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Jacob J. Kilimnik,* for appellants.

*Edwin S. Malmed,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 7, 1964:
This is an appeal from an order in the court below
refusing to strike off a judgment, entered by virtue of
a warrant of attorney included in a bond, which ac-
companied the execution and delivery of a mortgage.

At the time of the execution of the instruments in-
volved, the debtor was sane, however, before judgment
was confessed on the bond, he had been judicially de-

clared incompetent, under the Act of February 28, 1956, P. L. (1955) 1154, as amended, 50 P.S. §3511. The validity of the mortgage and bond is not now questioned, but it is urged that the declaration of incompetency terminated the right to subsequently enter the confession of judgment, and that therefore, the judgment is void. With this position, we do not agree.

A power of attorney to confess judgment for a proper consideration is security to the creditor, *is coupled with an interest* and is irrevocable. The entry of the judgment is not a new act of the debtor, but is a legal result beyond his control. Lunacy will not revoke a power of attorney to confess judgment, which was valid when executed: *Spencer v. Reynolds,* 9 C.C. 249 (1890); *Homer City National Bank v. Mahan,* 3 Pa. D. & C. 35 (1922); *Johnson v. National Bank of Mattoon,* 320 Ill. 389, 151 N.E. 231 (1926); *Davis v. Lane,* 10 N.H. 156 (1839); *McCaul v. Thayer,* 70 Wis. 138, 35 N.W. 353 (1887); *Matthiessen & Weichers Refining Co. v. McMahon's Adm'r.,* 38 N.J.L. 536 (1876); *Hill v. Day,* 34 N.J. Eq. 150 (1881); 44 A.L.R. 1306 (1926); Annot., 44 A.L.R. 1310 (1926); Klein, Judgment by Confession in Pennsylvania, §13 at 52 and 53 (1929); 1 Mechem on Agency, §679 (2d ed. 1914); Elliot on Contracts, §461 at 689 (1913); and, Shuchman, Penna. Judgment Notes, §24.1 at 87 (1961).

Order affirmed.