## Aukberg v. Smith

*Sheldon C. Jelin,* for plaintiff.
*Irving I. Solit,* for defendant.

KREMER, *J.,* September 6, 1979—This matter is before the court on defendant's petition to strike off judgment entered by confession. Decedent's estate seeks to strike a judgment entered by confession after the maker's death.

Samuel W. Smith signed a judgment note dated February 15, 1978, promising to pay to Abraham Aukberg $5,200 with interest at the rate of six percent. Payments were to begin March 1, 1978, and to be made each succeeding week until the debt was paid. The obligor-maker, Samuel W. Smith, died on April 17, 1978. The record does not indicate whether there have been any payments made on the judgment note.

On April 20, 1978, plaintiff entered judgment by confession on the note in the amount of $5,200 with interest, costs and attorney's fee.

Both parties address the question whether a judgment by confession can be entered after the maker's death. Plaintiff also contends that the judgment is regular and valid on its face and cannot be stricken.

The general rule is that a judgment entered by confession after the death of the promisor and

without an action brought in the lifetime of the party, is irregular and will be vacated or stricken on the application of the legal representatives or heirs of the decedent: Miller v. Reed, 27 Pa. 244 (1856); Lanning v. Pawson, 38 Pa. 480 (1861); Kountz v. National Transit Co., 197 Pa. 398, 47 Atl. 350 (1900); Stevenson v. Virtue, 13 Pa. Superior Ct. 103 (1900); Kummerle v. Cain, 82 Pa. Superior Ct. 528 (1924); Stucker v. Shumaker, 290 Pa. 348, 351, 139 Atl. 144 (1927); First Federal S. & L. Assn. of Greene County v. Porter, 408 Pa. 236, 183 A. 2d 318 (1962).

More recent cases indicate that this formerly hard and fast rule has been increasingly subjected to greater flexibility in its application. In Kingston National Bank v. Walters, 163 Pa. Superior Ct. 624, 629, 63 A. 2d 380 (1949), the court held that where a warrant of attorney in a judgment note is joint, judgment can be entered by the prothonotary against the survivor or survivors in the event of the death of one or more of the obligors. The court indicated, however, that where there are no surviving obligors, it is proper to strike off a judgment entered by confession, or on a warrant of attorney, after the death of the debtor.

In Mid-City Federal S. & L. Assn. of Philadelphia v. Allen, 413 Pa. 174, 175, 196 A. 2d 294 (1964), the court addressed the question of whether entry of a confessed judgment against the debtor was proper after he had been judicially declared incompetent. Appellant urged the court to hold that the declaration of incompetency terminated the right to subsequently enter the confession of judgment. The court rejected this contention, and affirmed the decision of Judge Charles A. Waters for the lower court and stated per Mr. Justice (now Chief Justice) Eagen: "A power of attorney to confess judgment

for a proper consideration is security to the creditor, *is coupled with an interest* and is irrevocable. The entry of the judgment is not a new act of the debtor, but is a legal result beyond his control. Lunacy will not revoke a power of attorney to confess judgment, which was valid when executed." (Citations omitted.) (Emphasis in original.)

In Chaniewicz v. Chaniewicz, 214 Pa. Superior Ct. 294, 298, 257 A. 2d 605 (1969), the court stated that a judgment entered against a defendant after his death is voidable rather than void. In Chaniewicz nothing was done after the death of the husband except to transfer a fully concluded case from quarter sessions to common pleas. It was held that nothing in the record warranted striking the judgment where during the lifetime of plaintiff's husband an order was entered in the court of quarter sessions requiring him to pay a specified sum monthly for the support of his wife, and after his death a judgment for the arrearages which had accrued to the date of his death was entered in the common pleas court. Thus, the court held that the judgment was voidable only and not to be stricken off merely because defendant was dead. The Superior Court held that the lower court did not abuse its discretion in sustaining the judgment because defendant's liability had been fixed in quarter sessions before his death. The Superior Court stated that this was not a situation "in which a default judgment was entered against a deceased defendant for failure to appear [citation omitted]. Nor was it a case of judgment entered by confession on a warrant of attorney after the defendant's death. See Kingston Nat'l Bank v. Walters, 163 Pa. Superior Ct. 624, 63 A. 2d 380 (1949)." Thus, al-

though Chaniewicz at first glance appears to qualify the general rule, the court specifically refers to the general rule enunciated in Kingston.

In Brennan v. Ennis, 219 Pa. Superior Ct. 291, 280 A. 2d 605 (1971), judgment was entered by confession against defendants, husband and wife, obligors on a bond accompanying a mortgage, after the death of the wife. No estate was opened or settled for the deceased wife and no personal representative was appointed for her. The lower court had no information on the existence or nature of her assets. Husband-defendant failed to give plaintiffs timely notice of his wife's death. Husband-defendant filed a petition to strike the judgment against his deceased wife. The lower court held, and the Superior Court affirmed, that defendant-husband was precluded from striking the judgment because of his lack of standing.

Although the Superior Court did not reach the issue of enforceability of judgments entered by warrant of attorney after a maker's death, the court stated, without explanation, that the applicable law was unsettled. Despite this comment, our research indicates that the authority to confess a judgment is terminated by the death of the maker. Our courts have devised various easing exceptions in the application of this rule, but the general rule itself has not been abrogated. Indeed, the rationale of these "exception" cases was made necessary because of the existence of the general rule and reaffirms its continuing vitality.

We turn to the issue whether the court is permitted to strike off the judgment based on the record before us.

The Superior Court, in Matlock v. Lipare, 243 Pa.

Superior Ct. 167, 170, 171, 364 A. 2d 503, 504 (1976), stated:

"A petition to strike off a judgment is a different remedy than a petition to open a judgment; the two are not interchangeable. Weinberg v. Morgan, 186 Pa. Super. 322, 142 A. 2d 310 (1958). A petition to strike is proper when one complains of irregularities appearing on the face of the record. Cameron v. Great Atlantic & Pacific Tea Co., 439 Pa. 374, 266 A. 2d 715 (1970); Nixon v. Nixon, 329 Pa. 256, 198 A. 154 (1938). On the other hand, an application to open the judgment is appropriate where the alleged irregularity is a matter dehors the record and where evidence relating to the cause of action must be introduced to support the application."

In Malakoff v. Zambar, Inc., 446 Pa. 503, 506, 288 A. 2d 819, 821 (1972), the court noted that: "'A motion to strike a judgment, as opposed to a petition to open a judgment and be let into a defense' [footnote omitted] will not be granted unless a fatal defect in the judgment appears *on the face of the record.*" (Emphasis in original.) See also Fourtees Co. v. Sterling Equipment Corp., 242 Pa. Superior Ct. 199, 363 A. 2d 1229 (1976); Solebury National Bank of New Hope v. Cairns, 252 Pa. Superior Ct. 45, 380 A. 2d 1273 (1977). The type of fatal defect contemplated in these cases occurs if the judgment is improper or irregular on its face, if the judgment is not self-sustaining, if the amount due is not stated or could not be ascertained by the instrument, or if any doubt exists regarding the propriety or effect of a warrant of attorney authorizing confession of judgment. See Kline v. Marianne Germantown Corp., 438 Pa. 41, 263 A. 2d 362 (1970); Green Ridge Bank v. Edwards, 247 Pa. Superior Ct.

231, 372 A. 2d 23 (1977); and Edward Bershad Co. v. Babe's Bar, 254 Pa. Superior Ct. 477, 386 A. 2d 50 (1978).

At first glance it would seem that the conventional rule and condition that an alleged defect must appear on the face of the record before the court may strike off the judgment is applicable here.

Plaintiff has submitted a certified copy of a certificate certifying the decedent's death on April 17, 1978 (see medical examiner's certificate of death attached as exhibit "A" to the petition to strike). The certificate purports to be a true copy of the original on file in the Pennsylvania Department of Health.

In order for the judgment to have efficacy, meaning or applicability, it would be necessary for plaintiff (or defendant's estate) to file of record a *suggestion of death* setting forth the fact and date of death. The alleged "defect" would then appear on the face of the record. We do not deem it necessary to direct that one or the other of the parties file such suggestion and then require a re-filing of the petition to strike. We shall treat the death certificate as a *suggestion of death,* timely filed and the fact of death as a fact now appearing on the face of the record. We have concluded that the death of the maker must be deemed to be a fatal defect terminating the power to enter a judgment by confession against the maker's estate. It may well be that business practice should require a change in the general rule; but that change can only be inaugurated by the legislature or our appellate courts. Unless and until that change is made, we must apply the governing law. Accordingly, defendant's petition to strike off judgment entered by confession will be granted.

## ORDER

And now, September 6, 1979, the judgment heretofore entered in favor of plaintiff and against defendant in the above-captioned case on April 20, 1978, is hereby stricken off the record.