## Strouse *v.* Lawrence, Administratrix, Appellant.

[Marked to be reported.]

*Orphans' court—Jurisdiction—Decedent's debts.*

The distribution of a decedent's estate among creditors as well as legatees and distributees belongs exclusively to the orphans' court, and creditors are bound to appear and claim their respective debts in that court or to be debarred from the distribution.

A creditor may of course proceed in a common law action to establish his claim, but he cannot take any part of the estate under a judgment in such case. He must come into the orphans' court, and establish his claim there, and take the share of the entire estate which is allotted to him along with the other creditors.

A creditor cannot, by an attachment execution on a judgment obtained after the death of a decedent, appropriate to the payment of his debt a chose in action due to the estate of the decedent.

*Justice of the peace—Attachment execution—Certiorari—Appeal—Acts of April 15, 1845, and March 20, 1810.*

A proceeding by attachment execution before a justice of the peace under the act of April 15, 1845, P. L. 459, is not embraced within the provisions of the 22d and 24th sections of the act of March 20, 1810, 5 Sm. L. 172, prohibiting writs of certiorari from the common pleas, and writs of error from the Supreme Court; and an appeal will lie in such case.

Argued Feb. 12, 1894.   Appeal, No. 86, July T., 1893, by defendant, Matilda R. Lawrence, administratrix of Jacob S. Lawrence, deceased, and Matilda R. Lawrence, garnishee, from judgment of C. P. Schuylkill Co., July T., 1892, No. 299, on certiorari from justice of the peace in favor of plaintiff, in suit

of S. Strouse & Co., against Matilda R. Lawrence, administratrix of Jacob S. Lawrence, and Geo. L. Brown and Geo. T. Folmer, trading as Lawrence, Brown & Folmer, with notice to Matilda R. Lawrence, garnishee.     Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ.     Reversed.

Certiorari to justice of peace.

The facts appear by the opinion of the Supreme Court.

The judgment of the justice of the peace was affirmed, in an opinion by WEIDMAN, J.

*Error assigned* was above order.

Appellee moved to quash the appeal.

*George M. Roads,* for appellant.—The justice had no jurisdiction to issue the attachment in the case for the following reasons :

(1) By the writ an attempt is made by a decedent's creditor to attach and levy upon an alleged debt due to a decedent's estate.     The settlement of decedent's estates is exclusively within the orphans' court, and therefore the justice had no jurisdiction : Harnett's Ap., 83 Pa. 394 ; Otterson v. Middleton, 102 Pa. 88 ; Lex's Ap., 97 Pa. 291.

(2) The judgment upon which the attachment execution issued was against the firm of Lawrence, Brown & Folmer, and the writ issued to attach a supposed indebtedness to Jacob S. Lawrence, a decedent, individually, who was an insolvent.

(3) The attachment execution issued to attach alleged assets of an insolvent, who individually and as a member of a firm had previously made a general assignment for the benefit of creditors : Vandyke v. Christ, 7 W. & S. 374 ; Mellon's Ap., 32 Pa. 121 ; Twelves v. Williams, 3 Wharton, 485 ; First Nat. Bank of Newark v. Holmes, Lafferty & Co., Garnishees, 85 Pa. 231.

The attachment proceedings, brought up by this appeal, were had under the act of April 15, 1845, P. L. 459, which conferred upon justices of the peace a jurisdiction which theretofore was possessed solely by the court of common pleas.     The jurisdiction thus conferred was an extraordinary one, and was wholly independent of any other act : Burginhofen v. Martin, 3 Yeates, 479 ; Overseers v. Smith, 2 S. & R. 363 ; Spear's Road,

4 Bin. 177; Com. v. Nathans, 5 Pa. 124; Carpenter's Case, 14 Pa. 486; Wallington v. Kneass, 15 Pa. 313; White v. Com., 15 Pitts. L. J. 31; Moore v. Houston, 3 S. & R. 169; Moore v. Albright, 4 S. & R. 231.

In the following cases this court quashed the appeals, but, without exception, all are cases arising under the act of 1810: Silvergood v. Storrick, 1 Watts, 532; Borland v. Ealy, 43 Pa. 111; Penna. Pulp Co. v. Stoughton, 106 Pa. 456; Palmer v. Lacock, 107 Pa. 346; Mahanoy City v. Wadlinger, 142 Pa. 308.

Jacobs v. Ellis, 156 Pa. 253, it is but fair to presume, was also a case in line with the other authorities, one arising under the act of 1810.

The following propositions and authorities are cited approvingly in Com. v. Betts, 76 Pa. 471: "It may be proper also to remark, that the question, whether a writ of error would lie from a judgment in the common pleas on a certiorari from a justice, was determined in several cases, and it was held that it would to the court of common pleas, on the ground that after the case is brought into that court from the justice the proceeding is in the course of common law: Ruhlman v. Com., 5 Bin. 27; Com. v. Burkhart, 23 Pa. 521; Beale v. Dougherty, 3 Bin. 432; Clark v. Yeat, 4 Bin. 185; Wilt v. Turnpike Co., 1 Brewster, 411."

*Geo. J. Wadlinger*, for appellee.—A writ of error, certiorari, or appeal does not lie to review a judgment of the common pleas upon certiorari to a judgment of a justice of the peace in a proceeding under the act of March 20, 1810, 5 Sm. L. 172: Jacobs v. Ellis, 156 Pa. 253; Mahanoy City v. Wadlinger, 142 Pa. 308; Pa. Pulp & Paper Co. v. Stoughton, 106 Pa. 458; Borland v. Ealy, 43 Pa. 111; Cozens v. Dewees, 2 S. & R. 112; Silvergood v. Storrick, 1 Watts, 532.

The act of 1845 providing only for appeal, the remedy is limited to that: Hill v. Olmstead, 1 W. N. 387.

It is only the Supreme Court that has original jurisdiction to review proceedings by certiorari where a remedy is not given by statute. And this power even lies in cases where no appeal is given: Burginhofen v. Martin, 3 Yeates, 479.

The common law courts have jurisdiction to determine the rights of creditors and legatees, and to fix the liability of the

estate to those claiming against it.    The exercise of this juris-
diction in no way conflicts with that of the orphans' court in
distributing the estate, but it is merely in determining questions
of fact which the law court would otherwise have to ascertain
itself: Middleton v. Norcross, 39 Leg. Int. 90 ; Chambers v.
Baugh, 26 Pa. 105 ; Gochenaur's Exrs. v. Hostetter, 18 Pa. 414.

The act of April 11, 1848, renders the estate of a deceased
partner unconditionally liable for the partnership debts ; and the
creditor may demand payment on the distribution of his estate
in the orphans' court, notwithstanding the recovery of a judg-
ment at law against the surviving partner: Moore's Ap., 34
Pa. 411 ; Thompson's Est., 12 Phila. 36.

OPINION BY MR. JUSTICE GREEN, March 26, 1894:

The record of the judgment of the justice in this case shows
affirmatively that the debt sought to be appropriated by the
attachment execution was the private personal debt of Matilda
R. Lawrence, due to the estate of her dead husband.    The en-
try on the record is as follows : " Judgment is publicly given
in favor of the plaintiffs and against the said Matilda R. Law-
rence, garnishee, for the sum of $182.50 (dollars) it having
been found that she has upwards of $5,000 (dollars) in hand
due to Matilda R. Lawrence, administratrix of the estate of
Jacob S. Lawrence, deceased, and that the plaintiffs have ex-
ecution of so much of the debt due by said Matilda R. Law-
rence, garnishee, to Matilda R. Lawrence, administratrix of the
estate of Jacob S. Lawrence, deceased, one of the defendants,
as will satisfy the judgment of Strouse & Co., plaintiffs, against
Matilda R. Lawrence, administratrix of the estate of Jacob S.
Lawrence, deceased, with interest and cost."

Jacob S. Lawrence died on the 15th of March, 1892, and on
the 28th of April, 1892, Strouse & Co. brought suit before
justice of the peace Chrisman for a book account due by a firm
of which Jacob S. Lawrence was a member, against Matilda R.
Lawrence, administratrix of Jacob S. Lawrence, and the other
members of the firm.    Judgment was duly recovered before
the justice for $176.76, the amount of the plaintiff's claim.    On
May 19, 1892, the plaintiffs issued an attachment execution on
this judgment and served Matilda R. Lawrence as garnishee.
Interrogatories and answers followed in due course, accompa-

nied with a protest against, and a denial of, the jurisdiction of the justice. But the justice gave judgment in favor of the plaintiffs and against Matilda R. Lawrence, garnishee, thus appropriating an asset of the estate of Jacob S. Lawrence, to wit, a debt due to that estate by Matilda R. Lawrence, to the payment, exclusively, of the claim of a general creditor of Jacob S. Lawrence entirely unsecured by any lien or preference at the time of his death. If this can be done as to one asset of a decedent's estate it can be done as to all, and any creditor, with a claim sufficient to absorb the whole personal estate of a decedent, can, by a process of attachment execution on a judgment obtained after the death of the decedent, appropriate the entire estate to the payment of his debt, to the exclusion of all other creditors. Of course such a proceeding in the common pleas would oust the jurisdiction of the orphans' court in the settlement and distribution of decedent's estates. That this cannot be done is a most fundamental doctrine in our system of jurisprudence. In Hammett's Appeal, 83 Pa. 392, we held that the distribution of a decedent's estate among creditors, as well as legatees and distributees, belongs exclusively to the orphans' court, and creditors are bound to appear and claim their respective debts in this court or be debarred from the distribution. Mr. Chief Justice AGNEW, in delivering the opinion, said : " The exclusive jurisdiction of the orphans' court to ascertain the amount of the estates of decedents, and order their distribution among those entitled, creditors as well as legatees and distributees, is so fully settled that nothing but future legislation can alter the law," citing many cases.

Of course a creditor may proceed in a common law action to establish his claim, but he cannot take any part of the estate under any judgment in such case. He must come into the orphans' court and establish his claim there, and take the share of the entire estate which is allotted to him along with the other creditors. The rights of all creditors are fixed as they were at the death of the decedent. No one can obtain a preference over any or all the others by proceedings commenced subsequently to that event.

These considerations are perfectly familiar to all, and yet in this case a general creditor, having no security or preference at the time of the intestate's death, has been permitted to ap-

propriate, by a judicial decree, in a proceeding not commenced until after the death of Jacob S. Lawrence, a part of his estate to the payment in full of the plaintiffs' claim, to the exclusion of all other creditors, although it is alleged without contradiction that the estate is insolvent.

So far as the motion to quash is concerned it is only necessary to say that this is not a proceeding under the act of 1810, and the decisions as to writs of certiorari in such cases are inapplicable. The present proceeding is a writ of attachment execution which is authorized by the act of April 15, 1845, P. L. 459, Purd. 999. The jurisdiction thereby given is entirely new, the subject-matter of it is altogether different from anything embraced within the act of 1810, the procedure is entirely different, the result, which is a special judgment against the garnishee appropriating a particular indebtedness, due by the garnishee to the defendant in the original judgment, to the payment of the plaintiffs' claim against the defendant, is altogether foreign to the jurisdiction conferred by the act of 1810. A right of appeal on the merits without limitation as to amount or otherwise is specially given by the sixth section, and the act contains no restriction, either expressly or by implication, upon the right either of the common pleas or of this court to review the proceedings by certiorari.

In the case of Commonwealth v. Betts, 76 Pa. 465, which was an action of debt to recover a penalty of less than a hundred dollars, and therefore presumably within the ordinary jurisdiction of a justice, the whole subject of the right of the common pleas and the Supreme Court to review, by certiorari, proceedings before justices, was most exhaustively and carefully considered by Mr. Chief Justice AGNEW. The right of review was not only sustained in that case, but the reasons and principles which determine the subject in any case were clearly set forth, the authorities were all reviewed, and the doctrine was announced " that the jurisdiction of this court cannot be taken away except by express terms or necessary implication." It is unnecessary to repeat the very able and convincing discussion of the subject contained in that opinion. It is sufficient to refer to it and to say that it entirely covers every aspect of this case. We certainly do not consider that the special and novel and peculiar jurisdiction conferred upon justices by the

act of 1845, culminating in the special and unusual judgment authorized by the act against the garnishee, is embraced within the provisions of the 22d and 24th sections of the act of 1810 prohibiting writs of certiorari from the common pleas and writs of error from this court.

In Commonwealth v. Burkhart, 23 Pa. 521, we said that "section 22 of the hundred dollar law, preventing writs of error to review the judgment of the common pleas on a certiorari to a justice of the peace applies only to the jurisdiction given by that act." The jurisdiction conferred by the act of 1845 in attachment executions has no possible place in the act of 1810, and the ruling above quoted has precise application here. We think the learned court below was in error in affirming the proceedings before the justice. The want of jurisdiction to enter the judgment which was entered by the justice was apparent on the record and was therefore reviewable by certiorari.

The judgment of the court below is reversed and the writ of attachment execution is dismissed and set aside with all proceedings thereunder at the cost of the plaintiffs.