## Thompson's Estate.

Argued November 18, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Abraham Wernick,* Assistant City Solicitor, with him
*Joseph Sharfsin,* City Solicitor, for appellant.

*Albert J. Williams,* for appellee.

OPINION BY KELLER, P. J., March 4, 1938:

The question presented by this appeal is, really, a
very narrow one. It is whether the Orphans' Court of
Delaware County was guilty of an abuse of discretion
in refusing to impound the sum of $500 to await the
outcome of an action brought by the appellant, the City
of Philadelphia, in the Municipal Court of Philadel-
phia County to recover $276.17 personal property taxes
alleged to be due by the Estate being distributed.

In the circumstances here present we are of opinion
that the court below was not guilty of an abuse of dis-
cretion.

Justice M. Thompson, a resident of Delaware County, died on June 28, 1936, leaving a will and codicil which were duly admitted to probate in Delaware County on July 11, 1936. Letters testamentary were issued to the executors named in the will, to wit, his wife, Mary Hawley Thompson, a resident of Media, Delaware County, and The Provident Trust Company of Philadelphia.

The executors filed an account on March 2, 1937, which was advertised for audit on April 5, 1937.

The accountants in their petition for adjudication set forth that while they had taken credit in the account (p. 25) for the payment of county personal property taxes for the year 1937 in the sum of $276.17, this amount had not actually been paid, due to conflicting claims of Delaware County and Philadelphia County, which would be presented at the audit, and the total shown by the account should be increased by that amount.

After the filing of the account and the advertising of the notice of audit, the City of Philadelphia brought an action in assumpsit in the Municipal Court to recover the amount of said taxes. Service of the writ was made on The Provident Trust Company of Philadelphia, one of the executors.

When the account was called for audit on April 5, 1937, before the Honorable W. Roger Fronefield, specially presiding, an assistant city solicitor entered his appearance *de bene esse* for the City of Philadelphia for the sole purpose of requesting the court to set aside the sum of $500 to await the outcome of its action in the Municipal Court. The court proceeded to audit the estate, and heard the claim of Delaware County to be paid the 1937 county personal property tax due by the estate, $276.17. The City of Philadelphia refused to present its claim at the audit or submit it for consideration by the Orphans' Court, standing on its demand

that $500 be set aside to await the outcome of the action in the Municipal Court.

On May 11, 1937 the auditing judge filed his adjudication, in which he held: "At the audit Abraham Wernick, Esq., Assistant City Solicitor for the County of Philadelphia filed his appearance *de bene esse* and very recently brought a suit in the Municipal Court of said County, as of March Term, 1937, No. 829 to recover the said sum of $276.17 and requests that this Court direct the executors to set aside the sum of Five Hundred dollars to await the outcome of the suit. We see no reason why the claim of the claimants should not be disposed of here. This court has jurisdiction to decide upon the claims of creditors, *McMurray's Appeal,* 101 Pa. 421, and to distribute the estate to the persons entitled to the same, *Kittera's Estate,* 17 Pa. 416; *Bull's Appeal,* 24 Pa. 286, and its decree cannot be attacked collaterally. *Piper's Estate,* 208 Pa. 636; *Tourison's Estate,* 321 Pa. 299."

Taking up the question as to which county was entitled to the personal property tax for 1937, the county of the decedent's domicile and where one of the executors, his wife, resides, (Delaware), or the county where the corporate executor has its principal place of business, (Philadelphia), the learned auditing judge followed the ruling of Judge HOLLAND of the Orphans' Court of Montgomery County in *Cochrane's Est.,* 26 D. & C. 635, who, in a well-considered opinion, in like circumstances, held, in part, as follows: "The language of the statute [Act of June 17, 1913, P. L. 507, as amended by Act of May 13, 1927, P. L. 985] would indicate that it was the legislative intention that in the case of an executor or executors during the period of administration the residence of the executor or executors is not to determine to which county the taxes are to be paid, but that this is to be determined by the jurisdiction wherein the estate is being administered,

or, in other words, the county of the domicile of the decedent...... We are not left, however, by the statute entirely upon our own resources to reason the situation out *a priori.* The said Act of May 13, 1927, supra, amending section 5 of the said Act of June 17, 1913, supra, refers to the executor or administrator filing with the register of wills or clerk of the orphans' court the inventory and appraisal of the estate, or of any affidavit setting forth the real and personal property of such decedent, for the purpose of determining the inheritance tax. Certainly this means the register of wills or clerk of the orphans' court of the county having jurisdiction of the administration of the decedent's estate. This inventory and appraisal and affidavit could be filed in no other place. Equally certain it is that that statute requires the affidavit in duplicate setting forth the items included in such inventory or affidavit which may be liable to a tax during the last completed taxing period for county purposes, or, in cities coextensive with counties, for county and city purposes, to be filed in the same office, that is, the office of the register of wills or clerk of the orphans' court of the county having jurisdiction of the decedent's estate. Then follows the requirement that the officer with whom the said affidavit is filed, which is beyond question the officer of the county of the jurisdiction of the decedent's estate: '......shall forthwith send one of said copies of such affidavit to the county commissioners or the board for the assessment and revision of taxes, as the case may be, whose duty it shall then be to proceed as herein before directed, for the assessment and recovery of the taxes due from such decedent to the said counties or cities coextensive therewith, with interest as above provided; and, for that purpose, to present a claim therefor to the orphans' court of the proper county, or to proceed by action or suit at law in any court of competent jurisdiction for such recovery there-

of, or to take any or all appropriate steps or procedure for the collection of said taxes.' It will be noted that the only designating term used as to which county commissioners or board is to receive the affidavit and collect the tax is the definite article 'the', which, as used, has the double implication that there could be only one of such taxing authorities contemplated and that its identity was so clear to the authors of the act that further elaboration was deemed superfluous, the identity of the county of the taxing authority being related to the identity of the county of the officer directed to co-operate with said taxing authority by sending it the copy of the affidavit. Having in mind that immediately before the death of the decedent his residence was the county assuming jurisdiction of the settlement of his estate, for otherwise said county could not assume such jurisdiction, and that therefore he was taxable immediately before his death in that county only, by virtue of his residence therein, and that his executor or administrator succeeded him immediately upon his death in the possession and control of his personal property, it appears to us that not only the legislative intent was that the personal property of a decedent during its administration in the hands of a personal representative should be taxable in the county having jurisdiction of the administration of his estate, but that the legislative mind never considered any other alternative; and the language that the copy of the affidavit above mentioned is to be sent to: '......the county commissioners or the board for the assessment and revision of taxes', means the commissioners or board of the county having jurisdiction of the decedent's estate, and they or it are to collect the tax for that county, and we so hold."

Accordingly Judge FRONEFIELD awarded $276.17, the county personal property tax for 1937, to the County of Delaware, and dismissed the claim on the executors made by the County of Philadelphia.

To this adjudication, without withdrawing its appearance *de bene esse* or entering a general appearance, the City of Philadelphia filed exceptions: (1) To the refusal to set aside $500 to await the outcome of the action in the Municipal Court; (2) To the disallowance of the City's claim. The Orphans' Court on June 28, 1937 dismissed the exceptions for the reasons set forth in the adjudication of Judge FRONEFIELD and the City of Philadelphia appealed on July 19, 1937.

No one disputes the right of the City of Philadelphia to bring its action at law in a court of competent jurisdiction for any claim which it may present against a decedent's estate; but it does not follow that final distribution of the estate must be held up pending the determination of that action. Eventually the claim, whether reduced to judgment in an action at law or not, will have to be presented before the orphans' court in order to share in the personal estate: *Hammett's App.*, 83 Pa. 392; and it is in the sound discretion of the orphans' court to decide whether or not a fund will be impounded to await the outcome of the action at law. Where, as here, the action at law was not brought until the estate was ready for distribution in the orphans' court, and where the claim involved the rights of a third party, who would not be represented as a party in the action at law, while all parties could appear and be heard in the proceedings in the orphans' court, which furnished an adequate, convenient and more efficacious method of determining the conflicting rights of all parties, we agree with the learned court below that no good or sufficient reason existed for postponing the final distribution of this estate pending a trial at law between some, but not all, of the parties interested.

If notwithstanding the limited and conditional appearance of the City of Philadelphia's assistant city solicitor, it should be considered that the filing of exceptions to the decree of the court below had the effect

of a general appearance, we are in substantial accord with the opinion of Judge HOLLAND in *Cochrane's Estate*, 26 D. & C. 635, from which we have quoted liberally, and on which the lower court relied. We are of the opinion that, under the acts of assembly involved, trustees, to whom money or securities have been awarded following the settlement of a decedent's estate, are required to make return of the taxable personal property belonging to the trust estate and pay the personal property tax due the county to the proper officers of the county where the fiduciary having possession of the taxable securities resides or is domiciled; but that pending the settlement of a decedent's estate, and while it is in the hands of a personal representative or representatives, in course of administration, the return should be made to, and the personal property tax paid, the county in which the decedent had his domicile and which has jurisdiction of the administration of his estate. Citations of decisions from other states, based on statutes differing from ours, give us no help.

The decree is affirmed at the costs of the appellant.