Pavlick et ux. *v.* Zellermeyer et al., Executors, Appellants.

Argued March 25, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Bruce A. Sciotto*, with him *Leonard Sobol*, for appellants.

*Morgan V. Jones, Jr.*, with him *Weimer, Bennett & Jones*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1948:

Plaintiffs filed a bill in equity against a living defendant seeking to enforce specifically a written contract for the sale of the fixtures, stock in trade and good will of a restaurant with a liquor license. Pending the suit defendant died and her executors were substituted as defendants. The learned court decreed specific performance. From this decree the appeal is taken.

The decree was correctly entered. See *Cochrane v. Szpakowski*, 355 Pa. 357, 49 A. 2d 692.

Upon the death of defendant her estate passed into the hands of the law for administration and distribution. The decree thus obtained in the court of common pleas must be presented to the orphans' court for enforcement: *Hammett's Appeal*, 83 Pa. 392; *Phillips, Admr., v. The Allegheny Valley Railroad Co.*, 107 Pa. 465; *Strouse v. Lawrence, Administratrix*, 160 Pa. 421, 28 A. 930; *Thompson's Estate*, 130 Pa. Superior Ct. 263, 197 A. 547. Cf. *Fitzsimmons v. Lindsay*, 205 Pa. 79, 83, 54 A. 488.

Decree affirmed at cost of appellants.