## Rosenbaum Estate

*Alexander D. Rosenbaum,* for accountant.

*Anne X. Alpern,* city solicitor, and *Louis Rosenberg,* assistant city solicitor, for claimant.

Cox, J., April 2, 1948.—The City of Pittsburgh presented a claim for unpaid personal property tax for 1948 at the audit of decedent's estate. The tax was levied by Ordinance No. 486 of the City of Pittsburgh, pursuant to the Act of June 25, 1947, P. L. 1145.

The act authorizes cities of the second class "to levy, assess, and collect . . . taxes on personal property within the limits of such political subdivision".

The executors of decedent's estate assert that the tax is invalid, in that the personal property taxed was not "within the limits of the City", decedent, a resident of the City of Pittsburgh, having died prior to the passage of both ordinance and act, and the personal estate of decedent having been in their possession and in the process of settlement outside the City of Pittsburgh since the death of decedent, all of the said executors being nonresidents of the city.

The city admits these facts, but asserts that the residence of decedent in the city at the time of his death fixes the city as the *situs* of his personal estate for tax purposes, regardless of the nonresidence of the executors or the actual physical location of the personal estate of decedent outside the city. As authority for this contention the city cites the decision and opinion of the court in Cochrane's Estate, 26 D. & C. 635, and Thompson's Estate, 130 Pa. Superior Ct. 263.

In each of the cited cases the estate was being settled by two coexecutors; one resided in the county of the last residence of decedent, in which decedent's estate was being settled, and the other coexecutor resided in a different county. Both counties in which the coexecutors lived levied a personal property tax on decedent's estate. The court held that the act authorizing counties to tax personal property, by reason of provisions therein directing the personal representatives of a decedent to file a declaration of taxable personal property in the county in which decedent's estate was being

settled, expressed a legislative intent to make the personal estate of decedent taxable only by the county in which the estate was being settled. In arriving at this decision the courts considered of convincing importance the fact that the county in which the estate was being settled conferred benefits on the estate, which obligated the estate to share in the costs of government, and that the county in which the other coexecutor.lived made no governmental contribution of any kind to the estate of decedent which would warrant the imposition of the tax.

It is apparent from a comparison of the facts, problem, and applicable legislation, that the cited cases and the instant case are lacking in any parallelism which would warrant this court in holding that the decision of the cited cases controls the decision in the instant case.

In this case, none of the coexecutors live in the City of Pittsburgh. The personal property is not physically located within the territorial limits of the city. The city, therefore, has not at any time conferred nor will it in the future confer any benefits on the estate of decedent which will give rise to a reciprocal duty on the part of the estate to recompense the city. In view of these facts, we know of no theory of the law which in itself would warrant our holding that the residence of decedent in the City of Pittsburgh at the time of his death gave the city the right to tax his personal estate during its settlement.

The plain and unambiguous language of the act gives authority to the city to tax only personal property within the city. No provision of the act, as applied to the facts in this case, expresses a contrary intent or justifies our holding that the legislature expressed an intent contrary to that found in the context of the act.

For these reasons, the tax claim of the City of Pittsburgh is disallowed.