## Selkregg Estate

*Clarence Bryan*, for accountant.

*J. B. Held*, for County of Erie and Commonwealth of Pennsylvania.

WAITE, P. J., July 11, 1949.—Margaret C. Selkregg died testate in April 1934. Letters testamentary were granted to Harley G. Selkregg, the executor named in the will, on June 19, 1934.

The first and final account of Harley G. Selkregg, executor of the estate of Margaret C. Selkregg, was filed to May term, 1949, on or about April 1, 1949.

Harley G. Selkregg has been a resident of the City of Jamestown, N. Y., continuously during the period

beginning January 1, 1945, and continuing to the present time.

Among the assets of the estate of Margaret C. Selkregg which were in the possession and control of Harley G. Selkregg, the executor, during the calendar years 1945, 1946, 1947, 1948 and the first part of 1949, were 163 shares, common stock, Consolidated Oil Company (now Sinclair Oil Company). The value of the 163 shares of Sinclair Oil Company stock on January 1, 1945, was $2,587; on January 1, 1946, was $3,288; on January 1, 1947, was $2,587; on January 1, 1948, was $2,934, and on January 1, 1949, was $3,728.

The certificates representing the 163 shares of Consolidated Oil Company (now Sinclair Oil Company) stock were in the possession of Harley G. Selkregg, executor, during the years 1945, 1946, 1947, 1948 and for the first part of 1949 and were not kept nor held at any time during that period in the State of Pennsylvania.

The names and addresses of the heirs and legatees of Margaret C. Selkregg during the calendar years 1945, 1946, 1947, 1948 and the first part of 1949 are:

Carl L. Selkregg (now deceased), son—Ruby M. Selkregg, executrix, 681 Ridgecrest Road, Akron, Ohio.

Harley G. Selkregg, son, 201 North Main Street, Jamestown, N. Y.

J. Paul Selkregg, son, 62 East Main Street, North East, Pa.

Florence M. Buddenhagen, daughter, River Street, Sidney, N. Y.

Jessie M. Powell, daughter, 72 North Lake Street, North East, Pa.

The 163 shares, Sinclair Oil Corporation, common, on which the County of Erie wishes to collect tax were sold by Harley G. Selkregg, executor, on or about July 17, 1948, and have not been owned by him or in his possession since that date.

It is the position of the estate that since Harley G. Selkregg, executor of the estate, is a resident of Jamestown, N. Y., where the stock was kept during the period of 1945 to 1949, that no tax is collectable in Pennsylvania. It is contended on behalf of the County of Erie and Commonwealth of Pennsylvania that decedent was a resident of Erie in the State of Pennsylvania at the time of her death, the stock of the Consolidated Oil Company now the Sinclair Oil Company, owned by her at the time of her death, is taxable under the laws of Pennsylvania.

The matter here in controversy is governed by the Personal Property Tax Act of June 17, 1913, P. L. 507, sec. 2, as amended by the Act of June 19, 1939, P. L. 413, sec. 2, and the Act of May 23, 1945, P. L. 891, sec. 1, 72 PS §4841, which provides, inter alia, as follows:

". . . That whenever any personal property taxable under the provisions of this act was owned by a decedent at the time of his death and is held by his executor or administrator, return of such personal property shall be made and the tax paid in the county wherein such decedent was domiciled at the time of his death, notwithstanding the residence or location of such executor or administrator or of any beneficiary, or the place where such securities are kept."

The language of the above-quoted statute is clearly applicable to the facts in the instant case. In Thompson's Estate, 130 Pa. Superior Ct. 263, 270, it is said:

". . . pending the settlement of a decedent's estate, and while it is in the hands of a personal representative or representatives, in course of administration, the return should be made to, and the personal property tax paid, the county in which the decedent had his domicile and which has jurisdiction of the administration of his estate."

For the reasons and upon the authorities herein stated we are clearly of the opinion that the claim of the Commonwealth of Pennsylvania for taxes for the years 1943 to 1948, inclusive, must be sustained. Since the security in question was sold on or about July 7, 1948, no taxes thereon are recoverable for the year 1949.

After payment of the tax herein stated, an order of distribution may be made to the several legatees in accordance herewith.