Commonwealth ex rel. Eldredge *v.* Eldredge, Appellant.

Argued March 22, 1954. Before HIRT, ROSS, GUN-THER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Jay D. Barsky*, with him *Trommer, Silver & Barsky*, for appellant.

*W. Bradley Ward*, with him *Lemuel B. Schofield*, for appellee.

OPINION BY WRIGHT, J., April 15, 1954:

This is an appeal from the reinstatement of a support order and the entry of judgment for arrearages thereon. The Municipal Court is the proper forum regardless of the amount involved: *Thomas v. Thomas*, 112 Pa. Superior Ct. 578, 172 A. 36. It is asserted by counsel that the factual situation here presented is entirely novel.

On February 28, 1918, an order in amount of $7.00 per week was entered by the Municipal Court against Harry Eldredge, for the support of his wife, Veronica, and their daughter, Anna Marie, then two years of age. On May 20, 1924, this order was suspended and the arrearages accrued thereon remitted. On July 26, 1934, the order was reinstated in amount of $5.00 per week for support of the wife only. On May 10, 1944, a probation officer filed a petition to vacate the order and remit the arrearages thereon under Rule 202 of the Municipal Court. The rule provides that, where the party in whose favor an order has been made "cannot be located within the period of one year, said or-

der shall automatically cease to be recorded in the Department of Accounts; but it may subsequently be reviewed for reinstatement . . . in a proceeding for the reinstatement or discontinuance of the said order".

On May 26, 1944, this petition came before the court and, although neither of the parties were present or had any notice, the court vacated the order and remitted the arrearages thereon "without prejudice". Subsequently, appellee learned that her husband had died in New York City on January 24, 1953. When she undertook to reduce the arrearages to judgment for the purpose of asserting a claim against her husband's estate, the order of May 26, 1944, was discovered. On July 2, 1953, appellee filed a motion to reinstate the order of July 26, 1934. Notice of the filing of this motion and of the hearing to be held thereon was served personally in New York City on the Executor of the Estate of Harry Eldredge. On September 18, 1953, after a hearing at which counsel for the Executor appeared specially for the sole purpose of contesting the court's jurisdiction, the order of May 26, 1944, was vacated and the order of July 26, 1934, was reinstated. On October 30, 1953, upon appellee's petition, the court ordered that judgment be entered against Harry B. Eldredge in the sum of $3,739.40.[1] This appeal was then taken by the Executor.

Appellant has presented three contentions which we will consider in reverse order. He argues that the court "should not upset its own order made pursuant

---

[1] The gross arrearages accrued from July 26, 1934 to January 24, 1953, were $4,810.00. However, credits were given for the sum of $615.60 recovered in proceedings on a compliance bond, and for the sum of $455.00 recovered on a prior judgment for arrearages. Mrs. Eldredge had also instituted a proceeding under the Act of May 23, 1907, P. L. 227, 48 P.S. §131, but was unsuccessful because of jurisdictional reasons: *Eldredge v. Eldredge*, 128 Pa. Superior Ct. 284, 194 A. 306.

to its own Rule 202 dismissing a support order without prejudice, where it appears that the wife, in whose favor the order had been entered, could not be found, the order was inactive for ten years, and reasonable attempts were made to locate the wife". Our understanding of his position in this regard is that, conceding arguendo that the court had the power to enter the order of September 18, 1953, it should not have done so under the circumstances. During the entire proceeding the wife was represented on the record by counsel prominent at the Philadelphia Bar, who could have been reached by a simple telephone call. We are not impressed by appellant's assertion that Mrs. Eldredge "was guilty of the grossest laches". She was prevented from enforcing the support order by the fact that her husband concealed his whereabouts. Considered solely as an exercise of discretion, the action of the court below was entirely justified.

Appellant's second contention is that the "only proper party against whom a support order could be entered in the instant case is the estate of the deceased respondent-husband and jurisdiction has not been acquired over the estate". This contention is based upon an incorrect premise. There has been no attempt to enter a support order against, or to acquire jurisdiction over, the husband's estate. We do not perceive that *Commonwealth ex rel. Milne v. Milne*, 149 Pa. Superior Ct. 100, 26 A. 2d 207, which has been cited by both appellant and appellee, is controlling. That case involved an adverse proceeding to increase a support order. We rejected a contention that, because the husband had become a non-resident, the lower court did not continue to have jurisdiction.

Appellant's primary contention is that, since the support order had been vacated and the arrears remitted, the court had "no jurisdiction after the husband's death to reinstate the order". The validity of

the order entered July 26, 1934, is not challenged. It is apparently conceded that, in the absence of the order of May 26, 1944, Mrs. Eldredge could collect the arrearages from her husband's estate.[2] Appellant's position is that, while the lower court might have reinstated the order at any time prior to the husband's death, such power ceased when the husband died. He argues that, since the family relationship was terminated by death, the duty to support ended. The real question, however, is whether the ex parte order entered on May 26, 1944, in the lifetime of both parties but without notice to either, affected their rights. We agree with appellant that the court would not have the power to impose a support order upon a husband after his death, nor to reinstate after the husband's death a support order which had been duly vacated as the result of an adverse proceeding. But we have concluded that the court's action in the present case is of a materially different character.

As pointed out by President Judge BROWN, the purpose of Rule 202 was "to clear the dockets of the Department of Accounts of inactive cases. It is merely a bookkeeping transaction". To this we might add that the rule does not provide for the vacation of support orders and the remission of arrearages. Furthermore, the rule itself provides for a subsequent review. The order of May 26, 1944, was made ex parte and without notice. It was not and did not purport to be an adjudication of the rights of the parties. It was expressly made "without prejudice". When this phrase appears in an order or decree, it shows that the judicial act done is not intended to be res judicata of the

---

[2] In *Neison v. Snyder*, 33 Delaware County Reports 102, in a well considered opinion by Judge ERVIN, now a member of this court, it was held that a widow may recover in an assumpsit action against the estate of her deceased husband for arrearages on a support order accrued to the date of the husband's death.

merits of the controversy: *Media-69th Street Trust Company's Trust Mortgage Pool Case*, 344 Pa. 223, 25 A. 2d 334. In its decree of September 18, 1953, the court was not entering a new support order or reinstating an order properly terminated, nor did the court determine any rights of the wife after the husband's death. Liability was not imposed beyond the duty of support which the husband owed during his lifetime, the amount of which had theretofore been fixed in a valid proceeding. Fundamentally, what the court did was to correct its own record by striking off an order improvidently entered. Every court is clothed with power to inquire into its own records and to set them right if incorrect: *Christ v. Dubosky*, 261 Pa. 297, 104 A. 547. And see *Mid-City Bank and Trust Company v. Myers*, 343 Pa. 465, 23 A. 2d 420.

Decree and judgment affirmed.