Commonwealth *v.* Kelly, Appellant.

Submitted April 14, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Dennis P. Kelly,* appellant, in propria persona.

*John A. Brydon,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 11, 1969:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

This is a direct appeal from judgment of sentence entered on a guilty plea to prison breach. Appellant Dennis Kelly contends that the plea was unlawfully induced by the promise of the District Attorney to obtain a sentence of 3 to 6 years.

On March 28, 1966, while awaiting sentence on worthless check charges, appellant escaped from the Butler County Correctional Institution. He was subsequently apprehended and pleaded guilty to prison breach on July 6, 1966, receiving a sentence of 4 to 8 years. This plea was vacated and a new trial granted in post-conviction proceedings in 1967. Thereafter, on January 23, 1968, appellant again pled guilty to prison breach. Appellant now contends that this second plea was unlawfully induced.

Appellant evidently had second thoughts about pleading guilty, as he wrote to the court on the afternoon of January 23 requesting permission to withdraw the plea. In response to the letter, a second hearing was scheduled on January 25. The record indicates that at this hearing, after being advised by the court that the plea could be withdrawn, appellant stated he wished to reaffirm it. Thereafter he received a 4 to 8 year sentence.

118

In his brief, appellant urges that on January 25 he reaffirmed his desire to plead guilty in reliance upon a promise by the District Attorney that he would receive a 3 to 6 year sentence. In support of this claim he alleges that on January 23 he was informed by his attorney that the District Attorney, having learned that the trial court was disposed to grant the request to withdraw the plea, promised to obtain the less severe sentence if the plea was not withdrawn.

These alleged facts are not controverted by the record and, if true, entitle appellant to relief. However, the facts are not of record and the court below has not passed upon the claim. Of necessity, a claim of breach of a plea bargain involving sentencing considerations can be raised only after sentence has been pronounced. Consequently, at this stage of the proceedings appellant has not had an opportunity to present the claim or the facts supporting it to the court below.

As appellant has not had a hearing and the court below has not considered it, the plea bargaining issue is not properly before this Court for decision. *Chaniewicz v. Chaniewicz*, 214 Pa. Superior Ct. 294, 257 A. 2d 605 (1969). Hence, affirmance of this appeal is not a final litigation of the plea bargaining claim under §4 of the Post Conviction Hearing Act and appellant is not barred from litigating the claim in collateral proceedings.

In his concurring opinion in *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A. 2d 532 (1969), Justice ROBERTS indicated that when an inadequate record on direct appeal prevents appellate determination of whether a guilty plea is voluntarily made, the case should be remanded for an evidentiary hearing.* I believe

---

* The majority in *Godfrey* did not have occasion to consider this procedure. However, the Supreme Court has approved a remand for the purpose of establishing an adequate record in related

this procedure should be followed in the instant case. Affirmance will needlessly protract and confuse the final determination of appellant's claim. I would remand the record for a hearing and initial determination on the merits by the court below.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.

———

areas. See, *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A. 2d 613 (1965).