Dissenting Opinion by
Hoppman, J.:
This is an appeal from appellant’s 1971 guilty plea to burglary and larceny. The only issue raised by appellant in this appeal is the voluntariness of his guilty plea.
Prior to the lower court’s acceptance of appellant’s plea, the court conducted the following colloquy: “The Court : Mi*. Getz, you have entered your plea of guilty to the charge of Burglary and Larceny and you appear with your counsel, nevertheless, the Court wishes to ascertain before accepting your plea whether you do this knowingly and intelligently and you are entering this plea with full knowledge? Dependant: Yes, sir. Thu Court: Also in so doing, you have waived the right to a trial by a jury? Dependant: Yes, sir. The Court: All right, state the facts, officer. Detective *89 McComsey : Well, on December 20, 1970, tbe defendant entered the Covenant United Methodist Church, 801 West Orange Street, Lancaster, and did steal a scrap booh, two General Electric dimmer switches, a metal first aid box, and Philco stereo record player. He was later apprehended and these items were recovered.”
In Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 106, 237 A. 2d 196 (1968), our Supreme Court held that “the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.”
Following the West decision our Supreme Court adopted Pennsylvania Rule of Criminal Procedure 319, which provides that a judge “shall not accept [a guilty plea] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly made.” The Rule further provides that “[s]ueh inquiry shall appear on the record.”[1]
*90 In the instant case appellant did not file post-trial motions. For this reason the lower court was not able to determine if appellant’s plea was made voluntarily and knowingly. As stated by Judge Spaulding of our Court in a dissenting opinion which was later adopted by the Pennsylvania Supreme Court, “when an inadequate record on direct appeal prevents appellate determination of whether a guilty plea is voluntarily made, the case should be remanded for an evidentiary hearing.” Commonwealth v. Kelly, 215 Pa. Superior Ct. 116, 118, 257 A. 2d 58 (1969), rev’d per curiam, 436 Pa. 21, 258 A. 2d 325 (1969).
1 would therefore remand this case for the filing of post-trial motions, in order that the lower court may consider if appellant “voluntarily and understandingly” waived his constitutional rights.[2]
Spaulding, J., joins in this dissenting opinion.

 The Comment to Kule 319 lists seven questions which must be asked:
“(1) Does the defendant understand the nature of the charges to which he is pleading guilty?
“(2) What acts defendant performed and whether these acts constitute the crime charged?
“(3) Does the defendant understand that he has the right to trial by jury?
“(4) Does the defendant understand that he is presumed innocent until he is found guilty?
“(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
“(6) Is the defendant aware of any plea bargain or other arrangement?
“(7) Is the defendant aware that the judge is not bound by any plea bargain or other arrangement between defense counsel and the attorney for the Commonwealth?”

 It should be noted that this case was tried after Commonwealth ew rel. West v. Rundle, supra, and therefore the Commonwealth now has the burden of showing that the plea was made both voluntarily and knowingly. Commonwealth v. Cushnie, 433 Pa. 131, 249 A. 2d 290 (1969) ; Boykin v. Alabama, 395 U.S. 238 (1969).