Dissenting Opinion by
Hoffman, J.:
Appellant contends in this appeal that his illegally obtained confession to seven burglaries was improperly introduced into evidence against him at his trial for one of these burglaries, and that his guilty pleas to the other six burglaries were involuntarily made because they were the product of the same illegally obtained confession.
*532 In the course of a police investigation of a burglary at a general store in Scranton, Pennsylvania, police questioned Frank Smith, Jr., who admitted his participation in the burglary. Smith implicated the appellant in the crime. After a friend told appellant that the police were looking for him, appellant surrendered himself to the Scranton police at approximately 3:00 p.m. on January 31, 1967. Appellant was immediately booked and placed in a cell overnight. It was not until 3:15 p.m. the next day that appellant signed a waiver of counsel form and gave a written statement implicating himself in the burglary of the general store and six other burglaries. Thereafter, appellant was taken before a magistrate for preliminary arraignment.
On August 11,1967, after appellant’s motion to suppress his confession had been denied, appellant pleaded guilty to one of the burglaries and was sentenced to imprisonment. On October 2,1967, appellant was tried before a jury and found guilty of the burglary of the general store. At this trial, appellant’s confession was used against him. On November 1, 1968, appellant pleaded guilty to the five other charges of burglary which were then outstanding against him.
Appellant maintains that his confession and waiver of counsel were improperly obtained as the result of his illegal detention by the police for over twenty-four hours before Ms arraignment. Appellant argues, therefore, that his confession should not have been introduced at trial and that he should have been allowed to withdraw his guilty pleas which he contends were primarily motivated by his confession.
I
Prior to the adoption of Rule 116 of the Pennsylvania Rules of Criminal Procedure on June 30, 1964, our Supreme Court was not bound by the federal re *533 quirement of arraignment “without unnecessary delay”. Several notable United States Supreme Court decisions, interpreting Rule 5(a) of the Federal Rules of Criminal Procedure,[1] had held that all confessions obtained during a period of “unnecessary delay” were inadmissible, except where there was no reasonable relationship between the confession and the delay so as to compel the exclusion of the confession. McNabb v. United States, 318 U.S. 332 (1943); Mallory v. United States, 354 U.S. 449 (1957); United States v. Mitchell, 322 U.S. 65 (1944).[2]
Instead of adopting the federal standard, the Pennsylvania courts required that a defendant demonstrate prejudice from the denial of a prompt arraignment before they would hold that his confession had been involuntarily made. Commonwealth v. Johnson, 365 Pa. 303, 74 A. 2d 144 (1950), rev’d. on other grounds 340 U.S. 881; Commonwealth ex rel. Butler v. Rundle, 429 Pa. 141, 239 A. 2d 428 (1968). In the absence of a specific procedural rule like that of Federal Rule 5(a), our Supreme Court adhered strictly to the post-arrest procedures of 53 P.S. §16300, which made no reference to the necessity for prompt arraignment.[3]
*534 In 1964, however, Rule 116 was adopted, incorporating language almost identical to Rule 5(a) of the Federal Rules of Criminal Procedure. Rule 116 provided in relevant part that “[w]hen a defendant has been arrested, with or without a warrant, ... he shall be taken without unnecessary delay before the proper issuing authority for preliminary arraignment.” Since the operative language of Rule 116 is identical to that of Federal Rule 5(a), it is evident that our Supreme Court promulgated Rule 116 in recognition of the Mc-Nabb-Mallory decisions which interpreted the meaning and scope of the same language in Rule 5(a). By selecting language paralleling Federal Rule 5(a), the intention of the drafters of our own rules must have been to adopt the federal interpretation.
Our Supreme Court, which recently considered a situation similar to that in the instant case (i.e., an arrest coming after the promulgation of Rule 116, and its successors, Rules 116 and 118), abandoned the difficult and stringent requirement of establishing prejudice, and embraced the federal approach. Justice Roberts, writing for the Court, said, “While this Court has never articulated precisely what constitutes ‘prejudice’ in the context of ‘unnecessary delay’ proscribed by Rule 118, we think it appropriate to follow the federal approach and exclude all evidence obtained during ‘unnecessary delay’ except that which, as in Mitchell, supra, has no reasonable relationship to the delay whatsoever.” Commonwealth v. Futch, 447 Pa. 389, 394, 290 A. 2d 417 (1972).
In the present case, no doubt exists as to the “reasonable relationship” between appellant’s confession and the “unnecessary delay” in bringing appellant before the “proper issuing authority”. Appellant was held in a cell for a period of twenty-four hours before he signed a waiver of counsel and gave a written con *535 fession. During this period of detention, the appellant testified that the police subjected him to a constant barrage of questioning and threats. As appellant was nineteen years of age and had never been arrested before, he was unprepared and unaccustomed to the rigid atmosphere of jail and the insistent, repeated interrogation by police officers.[4]
It is, fui'thermore, undisputed that counsel, on January 31, 1967, tried to call the police station to inform appellant and the co-defendant that he had been retained by the co-defendant’s father to represent them. Despite this fact, it was not until after appellant had signed a waiver of counsel and a written confession that he was informed of counsel’s phone message.[5] It is very doubtful, under these circumstances, that appellant’s waiver of counsel could have been knowingly and intelligently made.[6]
As indicated above, appellant was detained for twenty-four hours before being arraigned. Appellant’s detention continued from the moment of arrest until he *536 signed a waiver of counsel and gave a written statement implicating himself. When that delay is viewed in light of the totality of the circumstances in this case, there is no question that there was a reasonable relationship between the procurement of the confession and the “unnecessary delay”. Since Rule 116 was in force at the time appellant was arrested, the failure to follow its mandate requires the exclusion of appellant’s confession obtained twenty-four hours after his arrest and prior to preliminary arraignment.[7]
II
Appellant further contends that his guilty pleas to the six other charges of burglary were primarily motivated by the existence of the illegally obtained confession.[8] The record before us, however, is not sufficient for that determination. As stated by Judge Spaulding of our Court in a dissenting opinion which was later adopted by the Pennsylvania Supreme Court, “when an inadequate record on direct appeal prevents appellate determination of whether a guilty plea is voluntarily made, the case should be remanded for an evidentiary hearing.” Commonwealth v. Kelly, 215 Pa. *537 Superior Ct. 116, 118, 257 A. 2d 53 (1969), rev’d. per curiam, 436 Pa. 21, 258 A. 2d 325 (1969).
Therefore, I would reverse the conviction of the appellant in case No. 7E, and remand the case for a new trial in accordance with this opinion. Case Nos. 7 A, B, C, D, 10 and 20B, should be remanded for an evidentiary hearing on the question of the voluntariness of the guilty pleas entered.
Spaulding, J., joins in this dissenting opinion.

 Rule 5(a) provides, in part: “An officer, making an arrest . . . shall take the arrested person without unnecessary delay before the nearest available . . . officer empowered to commit persons charged with offenses against the laws of the United States.’’

 In Mitchell, the Court held that where defendant confessed minutes after arrest but was not arraigned for days later, there was no reasonable relationship between the confession and the delay in arraignment. Defendant’s confession should, therefore, have been admissible, despite violation by police officers of Rule 5(a).

 The Act of April 20, 1869, P. L. 1187, §1, 53 P.S. §16300 provides : “In all cases of arrest made by any police officer ... it shall be the duty of the police officer . . . making such arrest to take the person arrested for a hearing to the office of the aider-man or magistrate nearest to the place where said arrest has been made, except when the person shall be arrested for intoxication....”

 In Mallory v. United States, supra, the Supreme Court recognized that where a 19-year old was held in a jail cell, questioned, and given lie detector tests, such treatment during an “unnecessary delay” created a coercive atmosphere which would have rendered the admission of defendant’s confession doubtful, even in the absence of a federal standard excluding all evidence during a period of “unnecessary delay”.

 At the suppression hearing, defense counsel questioned the investigating detective concerning this point: “Q. Did you, sir, ever tell these young men that a lawyer had communicated by phone before these statements were taken? What is your answer to that question? A. No.”

 It should be noted that appellant’s waiver of counsel has no bearing on the question whether appellant’s confession was reasonably related to the unnecessary delay before his arraignment. The form of the waiver which appellant signed, however, was insufficient under our Supreme Court’s holding in Commonwealth v. Marsh, 440 Pa. 590, 271 A. 2d 481 (1970).

 Appellant also contends that it was error for the trial judge to allow the District Attorney to read into the record, over objection, the co-defendant’s confession which implicated the appellant in the crime. Appellant and co-defendant were tried in a joint trial, and since the co-defendant’s confession denied appellant his right to cross-examination and confrontation, it should have been excluded. Bruton v. United States, 391 U.S. 123 (1968).

 In Commonwealth v. Marsh, supra, our Supreme Court adopted a three-pronged test in order to determine whether guilty pleas should be invalidated: (1) whether there existed an involuntary pretrial confession; (2) whether the guilty plea was primarily motivated by such evidence; and (3) that defendant was incompetently advised by counsel to plead guilty, in the circumstances, rather than stand trial.