## All State Industries, Inc. v. H.E. Stoudt & Sons, Inc. (No. 2)

*Frances P.F. Minno, Kirby Noring, Donald Phillips, John D. Finnegan,* for exceptants.

*F. Jefferson Bragdon,* for judgment creditors.

ROSS, E.,*J.,* December 5, 1978—Before the court are exceptions filed to a decree of distribution entered September 21, 1978, in which the court gave a preference in the balance for distribution to All State Industries and Claremont Painting and Decorating Company, Inc., by reason of purported attachments of the fund now in court. The attachments followed judgments entered by All State and Claremont against H.E. Stoudt & Sons, Inc. Creditors interested in the fund before the court who were not granted a preference in distribution have objected to the priority given All State and Claremont on the ground Stoudt had no interest in the fund which could be attached by the judgment creditors of Stoudt.

The court finds the exceptions are well taken.

The court in prior opinions has exhaustively set forth the facts giving rise to the present proceeding. In summary it arose on petition by Western Pennsylvania Abstract Company for interpleader to determine creditors' rights in the fund which was created when H.E. Stoudt and Sons, Inc. (general contractor for the Grant's Plaza construction for Narrows Run Holding Corporation, the owner) agreed with Narrows Run on October 18, 1972, that the balance of $73,966.23 owed Stoudt should be placed in an escrow account to satisfy "liens and claims according to law." This agreement was exe-

cuted after legal problems arose with unpaid subcontractors. The fund was deposited in escrow with Pennsylvania Abstract Company.

Four contractors, Claremont Painting and Decorating Company, Inc., McGee Masonry, Inc., All State and W.G. Tomko Plumbing Company, are judgment creditors. J.A. Battle Company is not a judgment creditor. All State on May 14, 1976, and Claremont on June 11, 1976, attached the fund before the court.

The court previously on May 22, 1978, denied the right of the Internal Revenue Service and First National Bank of Allentown to reach the interpleaded sum because the fund was held in trust for subcontractors only.

With respect to the present exceptions the court finds its award of a preference in the fund to the attaching judgment creditors was in error.

The fund before the court as enhanced by interest is not sufficient to meet the claims of the subcontractor creditors who are the beneficiaries of the fund. It is an insolvent fund.

If the fund were solvent, any amount left over after payment of subcontractors would revert to Stoudt to whom the moneys were originally owed by Narrows Run. Since the subcontractors' claims exceed the balance to be distributed, Stoudt has no interest therein. Hence, the attachments of All State and Claremont were ineffective because they reached no funds of Stoudt. The rights of attaching creditors can rise no higher than the rights of their debtors: Caddie Homes, Inc. v. Falic, 211 Pa. Superior Ct. 333, 343, 235 A. 2d 437 (1967), Stoudt could not have asserted a right to any moneys in the hands of the garnishee, and his attaching creditors cannot gain additional rights by their attachments.

All State now urges the court to retain the preferences as to it and Claremont as a reward for their diligence in getting judgment against Stoudt and executing thereon. They say their preference adheres because unlike other Stoudt judgment creditors (Allentown Bank) they were intended beneficiaries of the trust and they were more diligent than other non-attaching beneficiaries.

Any preference by attachment had to arise by diligence before the fund was set aside for all job creditors. If attachments had issued against a fund in the hands of Narrows Run set aside for payment to Stoudt the court would hold the fund later come into escrow subject to the attachments. But once the fund was created for the benefit of all job creditors with a contingent interest in any excess in Stoudt, the attachments could only reach Stoudt's interest in that fund. The diligence exercised was too late.

If this were a decedent's estate, a creditor securing a lien before the time of creation of the fund (i.e., the date of the death) could have a preference but only as to property which came into the estate subject to the lien. Against other estate funds, the lien creditors stand in the same shoes as a general creditor as to the amount he cannot recover from the liened property: Miller's Estate, 132 Pa. Superior Ct. 437, 442-4, 1 A. 2d 523 (1938); Henry's Estate, 34 Pa. Superior Ct. 597, 601 (1907). The judgment creditor cannot after death (the date the fund was created) get a preference by diligently attaching the estate fund: Strouse v. Lawrence, 160 Pa. 421, 425-6, 28 Atl. 930 (1894); Godley's Estate, 25 D. & C. 555, 557; Watts v. Vezin, 12 W.N.C. 250 (1882). The diligence has to take place before the time the fund is created, not afterwards when decedent has no interest in the fund.

The same rules apply to the present trust fund to the extent of the moneys which are no longer the property of Stoudt. The only creditors who could assert a preference by attachment would be ones who reached the fund while it was owed to Stoudt and before it was paid into escrow. The exceptions of J.A. Battle Company, W.G. Tomko Plumbing Company and McGee Masonry, Inc., are sustained.

## ORDER SUSTAINING EXCEPTIONS AND AMENDED DECREE OF DISTRIBUTION

And now, December 5, 1978, after argument on the exceptions of J.A. Battle Company, W.G. Tomko Plumbing Company and McGee Masonry, Inc., to the decree of distribution entered September 21, 1978, and after consideration thereof, it is ordered, adjudged and decreed that the exceptions are sustained and that the decree of distribution of September 21, 1978, is modified as follows:

The prothonotary of Allegheny County shall distribute the fund deposited at the above number and term as follows:

1. The sum of $5,200 to Plowman and Spiegel pursuant to the order of this court of August 16, 1978;

2. The sum of $204.92 to the prothonotary for poundage;

3. Record costs to All State Industries, Inc., and Claremont Painting and Decorating Company, Inc.;

4. The balance to be distributed among All State Industries, Inc., Claremont Painting and Decorating Company, Inc., McGee Masonry, Inc., W.G. Tomko Plumbing Company and J.A. Battle Company pro rata in such amounts as the claimants

shall stipulate within 10 days of this decree of distribution. If the parties shall fail to so stipulate the court will distribute the balance by further order. The requirement of stipulation shall not affect the finality of this order.